United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| Melissa G Brewer | § | |
| 309 Park Lake Drive | § | |
| McKinney, TX 75070 | § | Case No. 16-40841 |
| | § | |
| | § | |
| | § | Chapter 11 |
| | § | |
| Debtor | § | |
| | § | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT PURSUANT TO 11 U.S.C. § 1112(b), OR FOR ALTERNATIVE RELIEF, WITH WAIVER OF 30-DAY HEARING REQUIREMENT

**PLEASE NOTE THAT THE COURT HAS SET THIS MOTION FOR HEARING:**

**HEARING: TUESDAY, MARCH 27, 2018 AT 1:30 P.M.**
U. S. Bankruptcy Court
660 N. Central Expressway, 3rd Floor
Plano, Texas 75074

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PRESIDING:

William T. Neary, the United States Trustee for Region 6 ("U.S. Trustee") hereby files in

the above-numbered and captioned bankruptcy case ("Case") his Motion to Dismiss or Convert

Pursuant to 11 U.S.C. § 1112(b) or for Alternative Relief, ("Motion") and respectfully states in

support thereof:

**Jurisdiction and Timeliness**

1.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference.  This is a core proceeding pursuant to 28 U.S.C. § 157.  The predicate for the relief requested herein is Bankruptcy Code section 1112(b) and §105.

**Background**

2.      On May 3, 2016 ("Petition Date"), Melissa Brewer ("Debtor") initiated the Case by filing a voluntary petition for relief under Chapter 13 of Title 11.  The Case was converted to Chapter 11 on October 13, 2016.  The Debtor currently manages her affairs as debtor-in-possession.  No committee of unsecured creditors has been appointed in the Case.

3.      Debtor has failed to timely file her Monthly Operating Report for the month of January 2018.

4.      Based upon the Monthly Operating Reports on file, Debtor owes quarterly fees to the United States Trustee in the amount of $650.  These fees were due on January 31, 2018.

5.      Debtor has been in bankruptcy for almost 2 years.  She has been in Chapter 11 for well over one year.  No Plan has been confirmed.

6.      On May 18, 2017, Debtor filed a lawsuit against her home equity lender in Adversary No. 17-4033 (the "Adversary").  The Adversary appears to seek to strip the liens against Debtor's homestead.  The disputes raised in the Adversary appear to be aimed towards Debtor receiving a more favorable mortgage payment.  This appears to be the primary basis for this bankruptcy filing.

7.      On September 11, 2017, this Court dismissed Debtor's Adversary for failure to state a claim.

8.      Debtor's Monthly Operating Reports reflect cash flow of less than $50.

9.       Debtor has failed to meet her obligations of timely filing Monthly Operating Reports and paying quarterly fees.  Debtor has been in bankruptcy for almost 2 years and has never confirmed a Plan.  With the Adversary dismissed, Debtor's primary reason for this bankruptcy appears to be gone.  In addition, it appears that Debtor has little cash flow with which to fund a Plan.

10.      It appears that Debtor cannot properly use Chapter 11 for the benefit of her creditors and any continuation of this Case would only cause unreasonable delay which is prejudicial to creditors.

11.      By this Motion, the U.S. Trustee seeks dismissal of the Case for cause.  11 U.S.C. § 1112(b).

## Applicable Law and Argument

12.      Section 1112 (b) provides,

. . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

13.      Cause exists to dismiss this bankruptcy case for any of the following reasons:

(a)      Debtor will incur a substantial and continuing loss to or diminution of the estate and there is no reasonable likelihood of reorganization; 11 U.S.C. § 1112(b)(4)(A);

(b)      Debtor does not have the ability to effectuate substantial consummation under any confirmed plan; 11 U.S.C. § 1112(b)(4)(M);

**United States Trustee's Motion to Dismiss – Page 3 of 6**

(c)      want of prosecution, including failure to confirm a Plan.  LBR 1017(a), 11 U.S.C. §1112 and §105(a);

(d)      Debtor has failed to timely provide information and has failed to timely satisfy reporting requirements (Monthly Operating Reports); 11 U.S.C. §1112(b)(4)(F) and (H); and

(e)      Debtor has failed to timely pay quarterly fees to the United States Trustee; 11 U.S.C. §1112(b)(4)(K).

14.      Under section 1112 (b), the Court determines whether dismissal or conversion is in "the best interest of creditors."  Under the facts of this Case, the Debtor does not appear able to effectively use Chapter 11 for the benefit of creditors, so the Case should be or dismissed or converted.  Alternatively, the Court should establish deadlines compelling Debtor to comply with her requirements in this Case and establishing a Case Resolution Deadline.  11 U.S.C. §105(a).


WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an Order dismissing or converting the Case.  Alternatively, the U.S. Trustee requests that the Court establish deadlines for compliance and a Case Resolution Deadline.

Dated:  February 22, 2018                    Respectfully submitted,


                                             William T. Neary
                                             United States Trustee
                                             Region 6

                              By:    */s/ John Vardeman*
                                             Timothy W. O'Neal
                                             Asst. U.S. Trustee, SBOT 15283350
                                             John Vardeman
                                             Trial Attorney, SBOT 20496260
                                             110 N. College Avenue, Suite 300
                                             Tyler, Texas 75702
                                             (903) 590-1450; Fax (903) 590-1461




## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons through the court's electronic notification system as permitted by Appendix 5005 III E to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, no later than February 23, 2018.


                                             */s/ John Vardeman*
                                             John Vardeman

**Debtor:**
Melissa G Brewer
309 Park Lake Drive
McKinney, TX 75070


**Debtor's Attorney:**
H. Joseph Acosta
FisherBroyles, LLP
4514 Cole Avenue
Suite 600
Dallas, TX 75205

**Notice of Appearance**
STONEBRIDGE RANCH COMMUNITY ASSOCIATION, INC.
c/o Clinton F. Brown
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Boulevard, Suite 5777
Houston, Texas 77056

Howard Marc Spector
12770 Coit Road, Suite 1100
Dallas, Texas 75251

Jason R. Recd
RIDDLE & WI LLIAMS, P.C.
3710 Rawlins Street
Suite J 400 - Regency Plaza
Dallas, Texas 75219-4217

Sharon H. Sjostrom
BLALACK & WILLIAMS, P.C.
4851 LBJ Freeway, Ste. 750
Dallas, TX 75244

Randy Roberts
BLALACK & WILLIAMS, P.C.
4851 LBJ Freeway, Ste. 750
Dallas, TX 75244

Tom W. Sharp
BLALACK & WILLIAMS, P.C.
4851 LBJ Freeway, Ste. 750
Dallas, TX 75244

Attn: Compass Bank Department
Ascension Capital Group
Account: XXXXX1255
P.O. Box 165028
Irving, TX 75016

**Matrix Follows:**